# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 2:04CR10030-001 |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **CHARLES LEE SHIRKS**, ) | By: James P. Jones |
| ) | United States District Judge |
| Defendant. ) | |

*Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia, for United States; Nancy C. Dickenson and Brian J. Beck, Assistant Federal Public Defenders, Abingdon, Virginia, for Defendant.*

Charles Lee Shirks, previously sentenced by this court following conviction by a jury of illegal possession of a firearm, 18 U.S.C. § 922(g), has filed a motion under 28 U.S.C. § 2255, contending that his sentence under the provisions of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), is invalid in light of the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). The § 2255 motion has been fully briefed by the parties and is ripe for decision by the court. However, Shirks has now filed a Motion to Hold Petition in Abeyance, requesting that I reserve decision on his § 2255 motion on the ground that a case *sub judice* in the court of appeals, *United States v. Winston*, argued Oct. 27, 2016 (4th Cir.) (No. 16-7252), might determine a "procedural issue" favorable to Shirks.

Similar motions have been filed by the Federal Public Defender in more than 30 other § 2255 motions relying on *Johnson* and assigned to me.

At his sentencing on September 10, 2004, Shirks was found by the court to be an armed career criminal pursuant to the ACCA based upon prior felony burglary convictions in Virginia state courts. The ACCA provides that a person convicted of a violation of § 922(g), who "has three previous convictions by any court . . . for a violent felony or a serious drug offense . . . shall be . . . imprisoned not less than fifteen years." 18 U.S.C. § 924(e)(1). Prior to *Johnson*, the term "violent felony" was defined as

> any crime punishable by imprisonment for a term exceeding one year . . . that —
>
> > (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> >
> > (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B). The first clause is referred to as the "force clause." The first portion of the second clause is known as the "enumerated crime clause." The second portion of that clause ("or otherwise involves conduct that presents a serious potential risk of physical injury to another") is called the "residual clause"

– 2 –

and was found to be unconstitutionally vague in *Johnson*. The force and enumerated crime clauses were untouched by *Johnson*. The holding in *Johnson* was made retroactive to cases on collateral review in a decision by the Supreme Court in *Welch v. United States*, 136 S. Ct. 1257 (2016).

While the present motion does not identify the "procedural issue" in question, the briefs by the parties in the court of appeals in *Winston* discuss such a question — whether the § 2255 movant alleging a constitutional defect under *Johnson* must affirmatively prove that he was sentenced under the residual clause, or merely that the residual clause may have been used. In the *Winston* case, the district court held that "when unclear on which ACCA clause the sentencing judge rested a predicate conviction[,] the petitioner's burden is to show only that the sentencing judge may have used the residual clause." *United States v. Winston*, No. 3:01-cr-00079, 2016 WL 4940211, at *6 (W.D. Va. Sept. 16, 2016) (Moon, J.). Contrary to *Winston*, I have held that the movant has a heavier burden of proof. *United States v. Fields*, No. 1:98CR00071-001, slip op. at 5 (W.D. Va. Nov. 1, 2016) (holding that because movant had not shown that any of his suspect convictions were treated at sentencing as falling under the residual clause, he had not shown constitutional error). The government supported the same burden of proof in *Winston*, Brief of Appellee at 16, *United States v. Winston,* (4th Cir.) (No.

– 3 –

16-7252) and the defendant contended to the contrary, Reply Brief of Appellant at 23 (*id.*).

While the court of appeals may speak to this question in its decision in *Winston,* I believe that the better course is to deny the present motion. The law is unsettled as to numerous aspects of the effects of the *Johnson* decision, and waiting until the court of appeals has had an opportunity to resolve this issue may prolong this case and others like it without substantial advantage to the parties. That is because in many of the *Johnson* motions, the government has multiple defenses that it might assert on appeal regardless of any decision in *Winston.* For example, the United States has noted an appeal in *United States v. Gambill*, No. 1:10CR00013, 2016 WL 5865057 (W.D. Va. Oct. 7, 2016), in which I found Virginia burglary convictions to be invalid as ACCA predicates. If the *Winston* case produces a precedent contrary to a ruling by this court, and the United States has no other issue it can assert in the court of appeals, I am certain that all counsel will cooperate in seeking remands in all such affected cases in order that this court might promptly correct its error.

For these reasons, the Motion to Hold Petition in Abeyance (ECF No. 100 ) is DENIED.

It is so **ORDERED**.

ENTER: November 7, 2016

/s/ JAMES P. JONES
United States District Judge