# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 2:04CR10030-001 |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **CHARLES LEE SHIRKS**, ) | By: James P. Jones |
| ) | United States District Judge |
| Defendant. ) | |

*Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia, for United States; Brian J. Beck, Assistant Federal Public Defender, Abingdon, Virginia, for Defendant.*

Charles Lee Shirks, previously sentenced by this court following conviction by a jury of illegal possession of a firearm, 18 U.S.C. § 922(g), has filed a motion under 28 U.S.C. § 2255, contending that his sentence under the provisions of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), is invalid. For the reasons that follow, I will deny the motion.

I.

At his sentencing on September 10, 2004, Shirks was found by the court to be an armed career criminal pursuant to the ACCA. The ACCA provides that a person convicted of a violation of § 922(g), who "has three previous convictions by

any court . . . for a violent felony or a serious drug offense . . . shall be . . . imprisoned not less than fifteen years." 18 U.S.C. § 924(e)(1).

As shown by the probation officer's Presentence Investigation Report ("PSR"), Shirks had been previously convicted of four Virginia burglaries, each occurring on separate dates in 1999 and 2000. His Sentencing Guideline range was determined to be 180 to 210 months and he was sentenced at the low end of that range. There was no appeal.

On August 21, 2015, following *Johnson v. United States*, 135 S. Ct. 2551 (2015), the Federal Public Defender for this district filed on Shirks' behalf a Motion to Vacate, Correct or Set Aside Sentence Under 28 U.S.C. § 2255. The motion asserts that Shirks' Virginia burglary convictions were invalid predicates for his ACCA sentence.

The government has filed a Motion to Dismiss the defendant's § 2255 motion. The issues have been fully briefed and are ripe for decision.[1]

---

[1] In deciding a § 2255 motion, the court need not hold an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Neither party has requested an evidentiary hearing. I have thoroughly reviewed the motions, files, and records in this case and find that no such hearing is necessary.

– 2 –

II.

Prior to *Johnson*, the term "violent felony" was defined as

> any crime punishable by imprisonment for a term exceeding one year . . . that —
>
> > (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> >
> > (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B). The first clause is referred to as the "force clause." The first portion of the second clause is known as the "enumerated crime clause." The second portion of that clause ("or otherwise involves conduct that presents a serious potential risk of physical injury to another") is called the "residual clause" and was found to be unconstitutionally vague in *Johnson*. The force and enumerated crime clauses were untouched by *Johnson*. The holding in *Johnson* was made retroactive to cases on collateral review in a decision by the Supreme Court in *Welch v. United States*, 136 S. Ct. 1257 (2016).

I recently held that a Virginia burglary does not qualify as an enumerated offense because the Virginia statute is broader than the generic burglary of the enumerated crime clause and because the statute is not divisible, meaning that it

– 3 –

lists "multiple, alternative means of satisfying one (or more) of its elements." *United States v. Gambill*, No. 1:10CR00013, 2016 WL 5865057, at *2 (W.D. Va. Oct. 7, 2016) (quoting *Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016)). For the same reasons relied upon in *Gambill*, Shirks argues that his Virginia burglary convictions are invalid as ACCA predicates.

In addition to contending that Virginia burglary offenses are valid predicates under the ACCA, the government argues that the *Johnson* holding applies only to the residual clause and Shirks has not shown that any of his suspect convictions were treated at sentencing as falling under that clause. Since the movant in an § 2255 proceeding "must shoulder the burden of showing" constitutional error, *United States v. Frady*, 456 U.S. 152, 170 (1982), the government contends that *Johnson* does not apply to him. Accordingly, the government asserts that "[Shirks'] motion does not raise a *Johnson* claim, and is time barred." (United States' Mot. to Dismiss 1, ECF No. 72.) In addition, the government contends that Shirks' claim is defaulted, since it was not raised on direct review and Shirks has not shown either cause or prejudice, or that he is actually innocent, in order to overcome that default.

– 4 –

III.

I agree with the government that *Johnson* does not apply to Shirks' case. Even though I found in *Gambill* that a Virginia burglary conviction is not a proper predicate under the enumerated crimes clause, relying on the later statutory constructions of the ACCA provided in *Mathis* and *Descamps v. United States*, 133 S. Ct. 2276 (2013), I did so without any reliance on *Johnson*.[2]

Section 2255 provides that a one-year limitation period is triggered by one of four conditions, whichever occurs the latest:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

---

[2] *Gambill*, 2016 WL 5865057, at *2 n.1.

– 5 –

28 U.S.C. § 2255(f). Since *Johnson* does not apply to Shirks, he cannot rely on clause (3) above. He did not file his motion within one year of the date his convictions became final, and thus his claim is barred. Because Shirks' motion thus fails, it is unnecessary for me to reach the government's other arguments.

IV.

For the reasons stated, the United States' Motion to Dismiss in Response to Petitioner's Motion for Relief Pursuant to Title 28, United States Code, Section 2255 (ECF Nos. 72, 83) is GRANTED and the Motion to Vacate, Correct or Set Aside Sentence Under 28 U.S.C. § 2255 (ECF No. 55) is DENIED.

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). After reviewing the claim presented in light of the applicable standard, I find that a certificate of appealability is not warranted and therefore is DENIED.

It is so **ORDERED**.

ENTER: November 8, 2016

/s/ JAMES P. JONES
United States District Judge